UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF CIVILIAN ) <br> TECHNICIANS, INC. ) <br> 12620 Lake Ridge Drive ) <br> Lake Ridge, VA  22192, ) <br> ) <br> LABORERS' INTERNATIONAL UNION OF ) <br> NORTH AMERICA ) <br> 905 16th Street, N.W. ) <br> Washington, DC  20006, ) <br> ) <br> DANIEL ROMERO CRUZ ) <br> Jose de Diego #55 ) <br> Bo. Coco Nuevo ) <br> Salinas, PR 00751, ) <br> ) <br> JUAN A. VELEZ SOTO ) <br> P.O. Box 602 ) <br> Salinas, PR 00751, ) <br> ) <br> DOMINGO HERNANDEZ DONES ) <br> P.O. Box 2228 ) <br> Alberque Olimpico ) <br> Salinas, PR 00751, ) <br> ) <br> KENNETH COLON AYALA ) <br> HC01 Box 6488 ) <br> Aibonito, PR 00705, ) <br> ) <br>                 Plaintiffs ) <br>    v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> PETE GEREN ) <br> Secretary of the Army ) <br> The Pentagon ) <br> Washington, DC 20310-0104 ) <br> In his official capacity, ) | Civ. A. No. |

LIEUTENANT GENERAL H. STEVEN BLUM	)
Chief, National Guard Bureau	)
1411 Jefferson Davis Highway	)
Arlington, VA 22202-3231	)
In his official capacity,	)
	)
               Defendants.	)
	)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiffs seek declaratory and injunctive relief addressing (a) defendants' ongoing policy and practice—based on erroneous belief of lack of authority, and constituting an unlawful abdication of enforcement authority—of refusing to order reinstatement in the National Guard, correction of National Guard membership records, and related relief constituting full redress in cases where defendants themselves determine that National Guard membership was terminated in violation of federal regulations and that this relief should be afforded; and (b) four instances in which defendants' policy and practice caused National Guard members who were unlawfully separated from the Guard, and consequently from their Guard technician employment, to be denied reinstatement in the Guard, correction of their Guard records, reinstatement in their technician employment, and other relief constituting full redress.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. 28 U.S.C. §§ 1331 and 1361. Venue is proper in this Court under 28 U.S.C. § 1391(e).

2

## PARTIES

**Plaintiffs**

3. Plaintiffs Association of Civilian Technicians, Inc. and Laborers' Union of North America are labor organizations within the meaning of 5 U.S.C. § 7103(a)(4). Their members and members of the federal employee bargaining units which they represent include a nationwide majority of dual-status National Guard technicians who are eligible for bargaining unit membership and employed under 32 U.S.C. § 709.  Under § 709, these technicians as a condition of their federal employment must maintain military membership in the National Guard; they must be separated from their technician employment automatically if they lose their National Guard military membership. Plaintiffs bring this action on behalf of themselves, their members who are dual-status National Guard technicians, and the members of bargaining units they represent who are dual-status National Guard technicians.

4. Plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala are former military members of the Puerto Rico Army National Guard and former dual status National Guard technicians employed by the Puerto Rico Army National Guard under 32 U.S.C. § 709.  In their technician employment they were members of a bargaining unit represented by plaintiff Association of Civilian Technicians, Inc.  Each was separated from National Guard military membership in violation of federal regulations and consequently lost his technician employment.  The Secretary of the Army, acting through the Army Board for Correction of Military Records, found that each had been separated from National Guard military membership in violation of federal regulations and that each should be retroactively

reinstated in the Guard and afforded related relief; but each has been denied the reinstatement and related relief due to defendants' refusal to order the Puerto Rico Army National Guard to implement it.

**Defendants**

5. Defendant United States of America through its agents, including the Secretary of the Army and the Chief of the National Guard Bureau, and its agencies, including the Department of the Army and the National Guard Bureau, funds the National Guard, including the Puerto Rico Army National Guard, and funds the employment of National Guard technicians under 32 U.S.C. § 709, including the employment of these technicians by the Puerto Rico Army National Guard. Under 5 U.S.C. § 703, the United States of America is a proper defendant.

6. Defendant Pete Geren, sued in his official capacity, is the Secretary of the Army. Under 5 U.S.C. § 703 and 28 U.S.C. § 1361, the Secretary of the Army, sued in official capacity, is a proper defendant.

7. Defendant Lieutenant General H. Steven Blum, sued in his official capacity, is the Chief of the National Guard Bureau. Under 5 U.S.C. § 703 and 28 U.S.C. § 1361, the Chief of the National Guard Bureau, sued in official capacity, is a proper defendant.

**FACTS**

8. Currently and at all relevant times it is and has been defendants' ongoing policy and practice, based on belief of lack of authority, to refuse to order reinstatement in the National Guard, correction of National Guard membership records, and related relief constituting full redress in cases where defendants themselves determine that

4

National Guard membership was terminated in violation of federal regulations and that reinstatement, record correction, and related relief should be afforded.

9. In cases identified as Docket Numbers AR2003093303, AR2003091035, AR2002067802, and AR2003094335, the Army Board for Correction of Military Records correctly determined that plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala had been separated from military membership in the Puerto Rico Army National Guard military membership in violation of federal regulations and that each should be retroactively reinstated in the Guard and afforded related relief. In each case, however, the Board and the Secretary of the Army refused to order the Puerto Rico Army National Guard to implement this relief, based on erroneous belief that they lacked authority to do so and the policy and practice stated in ¶ 8.

10. By letter dated February 15, 2007, plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala, through counsel, requested the Secretary of the Army and the Chief of the National Guard to issue orders affording the relief that the Correction Board said plaintiffs should be afforded and, upon doing so, to also order plaintiffs' reinstatement to their technician employment, with related relief. The nine-page letter referenced and discussed the statutes cited in this complaint concerning defendants' authority and duty to afford the requested relief.

11. By letter dated May 2, 2007, the Chief Counsel of the National Guard Bureau replied, stating that federal officials lack authority to order the requested relief and affirming the policy and practice stated in ¶ 8. Defendants have continued to refuse to afford the requested relief.

12. As a result of the policy and practice stated in ¶ 8 and the refusals stated in ¶¶ 9 and 11, plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala have been denied the relief that the Correction Board said plaintiffs should be afforded and have been denied reinstatement to their technician employment.

13. As a result of the policy and practice stated in ¶ 8, dual-status National Guard technicians employed under 32 U.S.C. § 709 who are members of the plaintiff labor organizations or the bargaining units represented by the organizations are subject to automatic loss of their technician employment due to unlawful separation from National Guard military membership and unlawful withholding by defendants of redress that defendants have both authority and duties to afford. This policy and practice is an unlawful ongoing threat to the military membership, livelihoods, careers, and employment security of technicians, who under § 709 are tenured federal employees, and an unlawful ongoing threat to the numerical and financial strength of the plaintiff labor organizations of which the technicians are members or that represent them.

**CLAIMS**

14. Defendants' policy and practice stated in ¶ 8 and the refusals stated in ¶¶ 9 and 11 are contrary to law and unlawful abdications of defendants' authority to enforce federal legal rights.

15. Under 10 U.S.C. § 3013(b), the "Secretary of the Army is responsible for, and has the authority necessary to conduct, all affairs of the Department of the Army." Under 10 U.S.C. § 1552, the Secretary, acting through the Army Board for Correction of Military Records has authority and a duty to correct Department of Army military records

and to afford thorough and fitting relief from error or injustice. Under 32 U.S.C. §§ 101 and 105, the Department's records include records of membership in the National Guard, including the Puerto Rico Army National Guard.

16. Under 10 U.S.C. § 10503(10) and the National Guard Bureau's statutorily authorized Charter, the Chief of the National Guard Bureau has authority and a duty to issue to the Army National Guard, including the Puerto Rico Army National Guard, "directives, regulations, and publications consistent with approved policies of the Army."

17. Under 3 U.S.C. § 302, the Secretary of the Army and the Chief of the National Guard Bureau have delegated authority and a duty to carry out, with respect to the Army National Guard, including the Puerto Rico Army National Guard, the duty of the President under 32 U.S.C. § 110 to "prescribe regulations, and issue orders, necessary to organize, discipline, and govern the National Guard." Orders to redress unlawful separation from the Guard are orders necessary to govern the Guard within the meaning of § 110.

18. Defendants' policy and practice stated in ¶ 8 and the refusals stated in ¶¶ 9 and 11 are "agency action unlawfully withheld" within the meaning of 5 U.S.C. § 706(1). They also are violations of a "duty owed" by defendants Secretary of the Army and Chief of the National Guard Bureau, within the meaning of 28 U.S.C. § 1361.

19. Under 10 U.S.C. § 3013(b) and 32 U.S.C. § 709 the Secretary has authority and a duty to order reinstatement to § 709 technician employment of dual-status technicians who lose their employment solely due to loss of National Guard military membership, where the loss of military membership is determined to be unlawful and military membership is restored. The Secretary's refusals to afford this relief to plaintiffs

7

Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala are "agency action unlawfully withheld" within the meaning of 5 U.S.C. § 706(1). They also are violations of a "duty owed" within the meaning of 28 U.S.C. § 1361.

20. Under 10 U.S.C. § 10503(8) and (10), the National Guard Bureau Charter, and 32 U.S.C. § 709, the Chief if the National Guard Bureau also has authority and a duty to order reinstatement to § 709 technician employment of dual-status technicians who lose their employment solely due to loss of National Guard military membership, where the loss of military membership is determined to be unlawful and military membership is restored. The Chief's refusals to afford this relief to plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala are "agency action unlawfully withheld" within the meaning of 5 U.S.C. § 706(1). They also are violations of a "duty owed" within the meaning of 28 U.S.C. § 1361.

**PRAYER FOR RELIEF**

21. Plaintiffs ask the Court to

    a. declare defendants' policy and practice stated in ¶ 8 and the refusals stated in ¶¶ 9 and 11, to the extent the refusals have denied plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala equitable relief, to be contrary to law and unlawful abdications of defendants' authority to enforce federal legal rights;

    b. enjoin defendants from implementing the policy and practice stated in ¶ 8 and from persisting in the refusals stated in ¶¶ 9 and 11, to the

extent the refusals have denied plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala equitable relief;

c. order defendants to afford plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala the equitable relief that the Correction Board said they should be afforded;

d. order defendants to retroactively reinstate plaintiffs Daniel Romero Cruz, Juan A. Velez Soto, Domingo Hernandez Dones, and Kenneth Colon Ayala to their technician employment under 32 U.S.C. § 709;

e. order defendants to pay plaintiffs their reasonable attorneys fees and costs; and

f. afford plaintiffs such further or alternative relief that the Court deems just.

Respectfully submitted,

s/Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff
2  U.S. Government Defendant
3  Federal Question (U.S. Government Not a Party)
4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

**410 Antitrust**

### B. *Personal Injury/Malpractice*

**310 Airplane**
**315 Airplane Product Liability**
**320 Assault, Libel & Slander**
**330 Federal Employers Liability**
**340 Marine**
**345 Marine Product Liability**
**350 Motor Vehicle**
**355 Motor Vehicle Product Liability**
**360 Other Personal Injury**
**362 Medical Malpractice**
**365 Product Liability**
**368 Asbestos Product Liability**

### C. *Administrative Agency Review*

**151 Medicare Act**

**Social Security:**
  **861 HIA ((1395ff)**
  **862 Black Lung (923)**
  **863 DIWC/DIWW (405(g)**
  **864 SSID Title XVI**
  **865 RSI (405(g)**
**Other Statutes**
  **891 Agricultural Acts**
  **892 Economic Stabilization Act**
  **893 Environmental Matters**
  **894 Energy Allocation Act**
  **890 Other Statutory Actions (If Administrative Agency is Involved)**

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*   OR   F. *Pro Se General Civil*

**Real Property**
  **210 Land Condemnation**
  **220 Foreclosure**
  **230 Rent, Lease & Ejectment**
  **240 Torts to Land**
  **245 Tort Product Liability**
  **290 All Other Real Property**

**Personal Property**
  **370 Other Fraud**
  **371 Truth in Lending**
  **380 Other Personal Property Damage**
  **385 Property Damage Product Liability**

**Bankruptcy**
  **422 Appeal 28 USC 158**
  **423 Withdrawal 28 USC 157**

**Prisoner Petitions**
  **535 Death Penalty**
  **540 Mandamus & Other**
  **550 Civil Rights**
  **555 Prison Condition**

**Property Rights**
  **820 Copyrights**
  **830 Patent**
  **840 Trademark**

**Federal Tax Suits**
  **870 Taxes (US plaintiff or defendant**
  **871 IRS-Third Party 26 USC 7609**

**Forfeiture/Penalty**
  **610 Agriculture**
  **620 Other Food &Drug**
  **625 Drug Related Seizure of Property 21 USC 881**
  **630 Liquor Laws**
  **640 RR & Truck**
  **650 Airline Regs**
  **660 Occupational Safety/Health**
  **690 Other**

**Other Statutes**
  **400 State Reapportionment**
  **430 Banks & Banking**
  **450 Commerce/ICC Rates/etc.**
  **460 Deportation**

  **470 Racketeer Influenced & Corrupt Organizations**
  **480 Consumer Credit**
  **490 Cable/Satellite TV**
  **810 Selective Service**
  **850 Securities/Commodities/ Exchange**
  **875 Customer Challenge 12 USC 3410**
  **900 Appeal of fee determination under equal access to Justice**
  **950 Constitutionality of State Statutes**
  **890 Other Statutory Actions (if not administrative agency review or Privacy Act**

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE September 27, 2007  SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.